**Daniel Lupongo KASONGO, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security,[1] Respondent.**

No. 04–0702–ag.

United States Court of Appeals, Second Circuit.

Jan. 3, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft, and Michael Chertoff is substituted for former Secretary of the Department of Homeland Security Tom Ridge as respondents in this case.

Arthur A. Smith, Hartford, Connecticut, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, George B. Henderson, II, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Daniel Lupongo Kasongo petitions for review of the BIA's decision upholding an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA issues a short opinion affirming the IJ's decision, in part, and modifying it in part, this Court reviews the IJ's opinion as modified by the BIA. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). The BIA fails to mention whether it agreed with two of the three reasons cited by the IJ as supporting his adverse credibility finding, and raises a different issue for the first time. Because we cannot tell whether the BIA intended to modify the analysis of the IJ or merely to supplement it, we will analyze each of the reasons given by both the BIA and the IJ for disbelieving the petitioner's credibility.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ and BIA agreed that Kasongo did not provide a persuasive explanation for failing to mention his wife's rape in his asylum application, despite bringing it up in his later affidavit and testimony. The IJ speculated that Kasongo later added this detail to "bolster" his asylum claim. In his asylum application, Kasongo stated, "[W]hen Mr. Kabila's security force come to our house looking for me, and when they heard that I was left, ... they were very angry about it, questionned [sic] my familly [sic], beat up and burned our house in Congo there." In his testimony, however, Kasongo stated, "My wife said what had happened. And her face had said something but didn't speak. It is hard for me to speak it, but I will tell you. She was crying and she couldn't tell me. And afterwards, she told me that she had been raped by the military." Thus, the discrepancy is between his original statement that his family was beaten up, and his later statement that his wife was raped. Kasongo's psychologist summarized Kasongo's

mental health as "extremely emotionally fragile ... and a classic presentation of posttraumatic stress disorder." In light of the psychological evaluation, the discrepancy between the words "beat" and "rape" is insufficient to support an adverse credibility finding. It is an isolated, minor inconsistency, for which Kasongo offered a reasonable explanation, and his testimony was otherwise consistent, rational, and believable. *See Diallo,* 232 F.3d at 288.

In its decision, the BIA found Kasongo not credible for the additional reason that he had failed to explain why he did not mention being beaten in his asylum application. However, this is a complete mischaracterization of the evidence. The IJ never once mentions that Kasongo was beaten in either his findings of fact or credibility assessment. The BIA appeared to draw the finding that Kasongo was beaten from the government's closing statement, but the transcript is devoid of any testimony to that fact, and the government's response briefs to the BIA and this Court contain no mention of beatings suffered by Kasongo. Kasongo testified that he was part of a UDPS demonstration that was dispersed when soldiers began shooting at people, but he never said that he was beaten. This was the only direct encounter with government forces to which Kasongo testified. Flawed analyses of testimony which are used to support adverse credibility determinations, such as here, cannot satisfy the substantial evidence standard. *Secaida–Rosales,* 331 F.3d at 307 (citing *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990)). Therefore, the adverse credibility determination must be reversed.

For the same reasons, there are flaws in the IJ's additional reasons for finding the petitioner not to be credible. The IJ faults the petitioner for having at least some proficiency in English in face of the fact that petitioner "indicated several times to the Court that he did not speak, nor understand, the English language but for a few words." To the contrary, the petitioner's testimony to that effect was far more tempered. When asked by the IJ: "[D]o I understand that you don't understand any English at all, sir?" the petitioner responded only: "It's difficult for me." Obviously, based on his behavior during the hearing, the petitioner understood some of what was being asked him in English, and according to the IJ, he attempted to answer certain questions before they were translated. That fact does not undercut the credibility of petitioner's statement that said only that understanding English was difficult.

The IJ also disbelieved the petitioner because he produced documents that had been stored in his house, which the IJ said had been burned down. In doing so, the IJ misapprehended the fact that the house suffered damage, but had not been leveled. As the petitioner explained, the neighbors had come to the family's assistance and removed items from parts of the house that were not destroyed by the fire that the soldiers had set.

Kasongo failed to raise his claim for withholding before the BIA, and failed to raise his claim for CAT relief before either the BIA or this Court. This Court, therefore, lacks jurisdiction to review either claim because Kasongo did not exhaust his remedies before the BIA. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA with a recommendation that it remand to the IJ for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any

pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).